No. 14-35982

UNITED STATE COURT OF APPEALS FOR THE NINTH CIRCUIT
_____

TIMOTHY DIETZ,

Plaintiff/Appellant,

vs.

QUALITY LOAN SERVICE CORP. OF WASHINGTON, ET AL.,

Defendants/Appellees

APPEAL FROM THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

Honorable Robert J. Bryan

No. 3:13-cv-05948-RJB
_____

RESPONDENT QUALITY LOAN SERVICE CORP. OF WASHINGTON
and McCARTHY & HOLTHUS, LLP's SUPPLEMENTAL EXCERPTS
OF RECORD

Joseph Ward McIntosh
WSBA No. 39470
108 1st Ave S, Ste 300
Seattle, WA 98104
206-319-9049
jmcintosh@mccarthyholthus.com

# INDEX TO SUPPLEMENTAL EXCERPTS OF RECORD

| CR | DOCUMENT | PAGES | TAB |
|----|----------|-------|-----|
| 48 | Motion for Summary judgment by Defendant Quality Loan Service Corp. of Washington | 1-9 | 1 |
| 48 | Declaration of Sierra Herbert-West | 10-11 | 2 |
| 49 | Praecipe re Motion for Summary Judgment by McCarthy & Holthus, LLP and Quality Loan Service Corp. of Washington | 12-15 | 3 |
| 51 | Reply by McCarthy & Holthus LLP and Quality Loan Service Corp of Washington | 16-19 | 4 |
| 53 | Order Granting Defendants Quality Loan Service Corp. of Washington and McCarthy & Holthus, LLP's Motion for Summary Judgment | 20-28 | 5 |
|  | Docket | 29-36 | 6 |

## CERTIFICATE OF MAILING

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 4, 2015.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 4th day of August, 2015.

McCarthy & Holthus, LLP


/s/ Walter Babst
Walter Babst
Legal Assistant

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ;

                                                    Plaintiffs,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON; et. al.,

                                                    Defendants.

No.: 13-05948-RJB

MOTION FOR SUMMARY JUDGMENT
BY DEFENDANTS QUALITY LOAN
SERVICE CORPORATION OF
WASHINGTON AND McCARTHY &
HOLTHUS, LLP

**NOTE ON MOTION CALENDAR:
OCTOBER 17, 2014**

COMES NOW defendants Quality Loan Service Corporation of Washington ("Quality") and McCarthy & Holthus, LLP ("M&H") and moves the court for summary judgment of dismissal pursuant to FRCP 56.

## I.   FACTS

The pertinent facts are contained in the Court's two previous orders dismissing Wells Fargo and MERS.[1] Those facts are restated and supplemented as follows.

A.   Loan Default and Non-Judicial Foreclosure.

On September 25, 2008, Plaintiff executed a Note (the "Note") in favor of Hyperion Capital Group, LLC (the "Lender") for the principal sum of $192,375.00.[2]

As security for the Note, Plaintiff executed a Deed of Trust (the "Deed of Trust") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the Lender and its successors and assigns, encumbering real property commonly known as 2503 34th Avenue,

---

[1] Dkt 15 & 30
[2] Amended Complaint Exhibit L

Motion for Summary Judgment
Page -1-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Longview, WA 98632 (the "Property").[3]  The Deed of Trust is recorded under Cowlitz County Recorder's No. 3378077.

On May 16, 2011, MERS executed an Assignment of Deed of Trust, assigning the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo").[4]  The Assignment of Deed of Trust is recorded under Cowlitz County Recorder's No. 3437015.

Plaintiff defaulted under the terms of the Note and Deed of Trust by reason of nonpayment.[5]

On February 21, 2012, Wells Fargo executed an Appointment of Successor Trustee, appointing Quality as trustee under the Deed of Trust.[6]  The Appointment of Successor Trustee is recorded under Cowlitz County Recorder's No. 3451510.

On July 26, 2012, Quality issued a Notice of Default.[7]  The Notice of Default included Wells Fargo's Foreclosure Loss Mitigation Form, indicating the Plaintiff did not request a pre-foreclosure meet and confer.[8]

On August 4, 2012, Plaintiff wrote a letter to Quality "contesting the validity of the debt," and asking for a copy of the Note.[9]  Quality responded with a letter dated September 6, 2012, which included a copy of the Note.[10]

On April 17, 2013, Plaintiff wrote another letter to Quality.[11]  Similar to the previous letter, Plaintiff disputed the enforceability of the Note and Deed of Trust, and Wells Fargo's ability to appoint Quality as successor trustee.  Plaintiff also alleged that signatures were "fraudulent."  Plaintiff also asked Quality for a copy of its Beneficiary Declaration.  On June 4, 2013, Quality's attorneys, M&H, sent a responsive letter to Plaintiff, which included a copy of the Beneficiary Declaration.[12]

---

[3] Decl Lorber Exhibit A
[4] Decl Lorber Exhibit C
[5] Amended Complaint ¶ 85; Exhibit H (identifying the loan as being 21 months in arrears)
[6] Decl Lorber Exhibit D
[7] Amended Complaint Exhibit H
[8] *Id*.
[9] Amended Complaint Exhibit I
[10] Amended Complaint Exhibit L
[11] Amended Complaint Exhibit U
[12] Amended Complaint Exhibit Y

Motion for Summary Judgment
Page -2-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property; they are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408.[13]  Prior to issuing the Notices of Sale, Quality had in its possession the Beneficiary Declaration from Wells Fargo, confirming that Wells Fargo was the "holder" of the Note.[14]

The last Notice of Sale (Cowlitz County Recorder's No. 3480408) set an auction date of the Property for September 20, 2013.  On that day, the auction was held.  Wells Fargo was the highest bidder by credit bid.  Plaintiff did not file a motion to restrain the sale in either this Court or Cowlitz County Superior Court before the sale occurred.

On September 24, 2013, Quality issued to Wells Fargo a Trustee's Deed Upon Sale.[15] The Trustee's Deed Upon Sale is recorded under Cowlitz County Recorder's No. 3489605.

B.      Subject Lawsuit.

Plaintiff, pro se, filed the subject lawsuit on October 29, 2013, naming Quality, Wells Fargo, and MERS as defendants.  An amended complaint was filed on February 7, 2014, adding M&H as a party defendant.[16]  Plaintiff alleges various wrongdoings by defendants in connection with foreclosure.

On March 25, 2014, the Court entered an order dismissing all claims against Wells Fargo and MERS.[17]   As discussed further below, and based on the record before the Court, dismissal of Quality and M&H is also appropriate.

## II.    ISSUES PRESENTED

1.  Whether there is no genuine issue of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

## III.    EVIDENCE RELIED UPON

1.  Plaintiffs' complaint and the undisputed facts of which the court may take judicial notice of;

---

[13] Decl of Lorber Exhibits E, G, H
[14] Decl of Herbert-West Exhibit A
[15] Decl Lorber Exhibit I
[16] Dkt 20
[17] Dkt 30

Motion for Summary Judgment
Page -3-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

2. Declaration of Abraham Lorber[18];

3. Declaration of Sierra Herbert-West;

4. This motion and memorandum of law.

## IV.    LEGAL AUTHORITY

### A.    <u>Summary Judgment Standard.</u>

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). See also Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### B.    <u>Quality Complied With the Deed of Trust Act ("DTA"); No Claim for "Material" Noncomplaince.</u>

As explained in the motion to dismiss by co-defendants', Plaintiff's failure to enjoin sale results in waiver of his DTA claims that do not survive by operation of RCW 61.24.127.

To the extent Plaintiff claims damages against Quality for not "materially" complying with the DTA under RCW 61.24.127(1)(c), those claims should be dismissed.  The record demonstrates

---

[18] Dkt 7

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Quality complied in all respects with the DTA in advancing the non-judicial foreclosure of the Property.

    1.   <u>Notice of Default</u>.

    Under RCW 61.24.030(8), a notice of default is required 30 days before the recording of a notice of sale. The form of the notice of default is provided by statute, which includes a statement of the arrears. *Id*. For owner-occupied real property, the notice of default must include the Foreclosure Loss Mitigation Form from the beneficiary or its agent, confirming that the beneficiary has satisfied its pre-foreclosure notice requirements. RCW 61.24.031(2). Unless it has violated its duty of good faith, the trustee is allowed to rely on Foreclosure Loss Mitigation Form as evidence that the pre-foreclosure notice requirements have been satisfied. *Id*.

    Plaintiff in this case does not dispute defaulting on his loan. He does not dispute receiving the Notice of Default from Quality, with the Foreclosure Loss Mitigation Form attached. Nor does he demonstrate that the form of the Notice of Default, or Foreclosure Loss Mitigation Form, failed to comply with Washington's DTA.

    Plaintiff in this case continues to make the same bald assertions that the loan was unenforceable, that Quality could not act as successor trustee, and that "fraud" was committed in signing the documents. Plaintiff failed to provide any support for these positions in his correspondences with Quality pre-sale, nor does he now in this case's pleadings.

    Importantly, Quality owes its duty of good faith to *both* parties, not just the Plaintiff. RCW 61.24.010(4). Prior to sale, Plaintiff provided nothing to Quality that would objectively call into question the enforceability of the Note and Deed of Trust, Quality's lawful ability to act as successor trustee, or the integrity of the signature on the Foreclosure Loss Mitigation Form. Quality was, by law, allowed to rely on these documents.

    In sum, nothing in the record demonstrates any non-compliance by Quality in issuing the Notice of Default.

    2.   <u>Notice of Sale</u>.

    Under Washington's Deed of Trust Act, the "beneficiary" is the "holder of the instrument or document evidencing the obligations secured by the deed of trust". RCW 61.24.005(2)

Motion for Summary Judgment
Page -5-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

(emphasis added). Washington's Supreme Court has further confirmed that the "beneficiary" is the "holder" of the note obligation. *Bain v. Metropolitan Mortgage Group, Inc.*, 175 Wn.2d 83 (2012).

The trustee's statutory obligation to verify the identity of the beneficiary is triggered prior to issuance of the Notice of Sale:

**RCW 61.24.030**
**Requisites to trustee's sale.**
It shall be requisite to a trustee's sale:

(7)(a) That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. **A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection.** (emphasis added).

Importantly, per the above, the trustee is allowed to rely on a declaration stating that the beneficiary is the "holder" of the note or obligation.

In this case, the record before the Court demonstrates that prior to issuing the Notice of Sale, Quality had in its possession the Beneficiary Declaration made under penalty of perjury, testifying that Wells Fargo was the "holder" of the Note. The statute expressly allows Quality to rely on this declaration. *See also, Trujillo v. Northwest Trustee Services, Inc.*, 2014 Wash.App. LEXIS 1343 (Div. 1, 2014) (trustee can rely on declaration from note "holder").

To the extent Plaintiff alleges defects with MERS' involvement as nominal beneficiary under the Deed of Trust, and alleged defects in the chain-of-title, these are legally irrelevant. The beneficiary with the power to advance the sale is the "holder" of the Note, and the trustee's obligation to verify the "holder" is satisfied by the Beneficiary Declaration.

In sum, Quality had in its possession the Beneficiary Declaration prior to issuing the Notices of Sale. The Beneficiary Declaration was also provided by Quality to Plaintiff in its pre-sale correspondences. Plaintiff offered nothing to Quality, pre-sale, that would objectively call into question the integrity of the Beneficiary Declaration. Nor does Plaintiff have any proof in these proceedings that an entity other than Wells Fargo "held" the Note.

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

Quality followed the law in advancing the non-judicial foreclosure on behalf of Wells Fargo. There was no "material" defect in the sale. Nor has Plaintiff suffered damages as a proximate cause of Quality's actions. Rather, Quality's actions of noting and conducting the sale of the property was a legal consequence of Plaintiff's loan default. Thus, to the extent an action against the trustee survives sale under RCW 61.24.127(1)(c), Plaintiff has failed to demonstrate any facts supporting such a claim, and it should be dismissed.

## C.    No Claim Under FDCPA.

The Fair Debt Collection Act ("FDCPA") was enacted as a broad remedial statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantage, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. 1692(e). To plead a claim for violation of the FDCPA, Plaintiff must allege facts demonstrating that (1) Defendants were collecting debt as debt collectors and that (2) Defendants' debt collection actions violated the federal statute. *Jerman v. Carlisle, et. al.*, 559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. 1692 et seq).

This Court, in its first order dismissing Wells Fargo and MERS[19], held that "[c]laims based on foreclosure activities are not cognizable under the FDCPA". That would exclude any FDCPA claim against Quality. Quality's only involvement with Plaintiff's loan was advancing the non-judicial foreclosure of the property. The Notice of Default and Notice of Sale(s) are statutorily required notices under Washington's DTA. They are not "debt collection" activities separate from the non-judicial process.

Furthermore, even if Quality was a "debt collector", there is no basis for a claim under 15 USC 1692f(6) (threatening non-judicial action without enforceable security)[20]. Plaintiff admits to signing the Note and Deed of Trust, and defaulting by reason of nonpayment. The Deed of Trust is a legally enforceable security interest against the property. Wells Fargo, as "holder" of the Note,

---

[19] Dkt 15

[20] *Thepvongsa v. Regional Trustee Services Corp.*, 972 F.Supp.2d 1221 (WWD, 2013), footnote 8 ("The current trend among district courts in the Ninth Circuit is to find that, at least insofar as defendant confines itself to actions necessary to effectuate a nonjudicial foreclosure, only Section 1692f(6) of the FDCPA applies.")

Motion for Summary Judgment
Page -7-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

is the legal beneficiary of the Deed of Trust under Washington law, and is entitled to instruct the trustee to proceed with foreclosure.

**D.**     <u>**No Claims Against M&H.**</u>

Plaintiff's claims against M&H appear to be derivative of those against Quality, and fail for the same reasons.

But even if there was some "material" noncompliance with the DTA by Quality, Plaintiff has no legal basis to impute liability to M&H, Quality's attorneys.  Plaintiff acknowledges that Quality and M&H are separately incorporated under the law, and thus, they are entitled to separate treatment under the law.  Plaintiff offers no authority for the proposition that one's attorneys can be held liable for the actions of the client.

Finally, to the extent Plaintiff alleges that M&H's representation of both lenders and Quality creates "bias," that claim is only ripe against the trustee, who is the party with the duty to Plaintiff.  M&H was not the trustee, as the record confirms, and does not owe any legal duties to Plaintiff.

## V.     CONCLUSION

There are no genuine issues of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

Dated: September 23, 2014

MCCARTHY & HOLTHUS, LLP

<u>/s/ Joseph Ward McIntosh</u>
Joseph Ward McIntosh, WSBA #39470
Attorneys for Quality and M&H

Motion for Summary Judgment
Page -8-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

**CERTIFICATE OF SERVICE**

On Septmber 23, 2014 I caused a copy of Quality Loan Service Corporation of Washington and McCarthy & Holthus, LLP Motion for Summary Judgment, Declaration of Sierra West, and proposed Order Dismissing Quality Loan Service Corporation and McCarthy & Holthus, LLP to be served electronically to the parties and method specified below:

Via CM/ECF
Timothy Dietz
2503 34th Avenue
Longview, WA 98632
360-442-9832
Email: timthepostman@yahoo.com

I declare under penalty of perjury under the laws of the United States of America and the State of Washington that the foregoing Certificate of Service is true and correct and that this Declaration was executed in Seattle, Washington.

Dated: September 23, 2014

McCarthy & Holthus, LLP

*/s/ John Petri*
John Petri

Motion for Summary Judgment
Page -9-
MH #WA-14-614695-CV (QLS); WA-14-614702-CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, Washington
PH: (206) 319-9100
FAX: (206) 780-6862

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ;

                                       Plaintiffs,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON; et. al.,

                                       Defendants.

No.: 13-05948-RJB

DECLARATION OF SIERRA-HERBERT
WEST

I, Sierra Herbert-West, declare as follows:

1.     I am a Trustee Sales Officer for Quality Loan Service Corporation of Washington ("Quality"). I am over the age of 18 and am competent to make this declaration.

2.     In my capacity as Trustee Sales Officer, I have custody and control of the files and records of the non-judicial foreclosure sales performed by Quality. These records are made in the ordinary course of business by people who have a business duty to make such records, and/or are received by Quality in the ordinary course of its business, which includes acting as a trustee in non-judicial foreclosures. Quality's records are made at or near the time of the occurrence of the event or events that they record.

3.     I have personally reviewed Quality's file pertaining to the non-judicial foreclosure that is the subject of this lawsuit. I am familiar with the documents and other information contained in this file.

4.     From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property. They are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408. Prior to issuing the Notices of Sale, Quality had in its possession the Beneficiary Declaration from

Declaration
Page -1-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

Wells Fargo, confirming that Wells Fargo was the "holder" of the Note.  A true and correct copy

of the Declaration of Beneficiary is attached hereto as **Exhibit A**.

5.      I declare under the penalty of perjury under the Laws of the State of Washington that the

foregoing is true and correct.

DATED September 23, 2014

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

/s/ Sierra Herbert-West
By: Sierra Herbert-West
Its: Trustee Sales Office

Declaration
Page -2-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

THE HONORABLE ROBERT J. BRYAN

1

2

3

4

5

6                    UNITED STATES DISTRICT COURT
7              FOR THE WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA
8
   TIMOTHY DIETZ;
9
                              Plaintiffs,        No.: 13-05948-RJB
10   vs.
                                                 PRAECIPE
11   QUALITY LOAN SERVICE CORP. OF
   WASHINGTON; et. al.,
12
                              Defendants.
13

14   TO:    Clerk of the Court

15   TO:    All Parties of Record

16         On September 23, 2014, the undersigned filed and served the Declaration of Sierra

17   Herbert-West [Dkt 48-1] in support of defendants' motion for summary judgment. **Exhibit A** was

18   inadvertently omitted from the declaration.  The foregoing deficiency is being corrected with this

19   filing.  Defendants apologize for the inconvenience to the Court and parties.

20

21   Dated: October 14, 2014

22   MCCARTHY & HOLTHUS, LLP

23   /s/ Joseph Ward McIntosh
24   Joseph Ward McIntosh, WSBA #39470
   Attorneys for Quality and M&H
25

26

27

28

THE HONORABLE ROBERT J. BRYAN

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ;

                          Plaintiffs,

vs.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON; et. al.,

                          Defendants.

No.: 13-05948-RJB

DECLARATION OF SIERRA-HERBERT
WEST

     I, Sierra Herbert-West, declare as follows:

1.     I am a Trustee Sales Officer for Quality Loan Service Corporation of Washington ("Quality"). I am over the age of 18 and am competent to make this declaration.

2.     In my capacity as Trustee Sales Officer, I have custody and control of the files and records of the non-judicial foreclosure sales performed by Quality. These records are made in the ordinary course of business by people who have a business duty to make such records, and/or are received by Quality in the ordinary course of its business, which includes acting as a trustee in non-judicial foreclosures. Quality's records are made at or near the time of the occurrence of the event or events that they record.

3.     I have personally reviewed Quality's file pertaining to the non-judicial foreclosure that is the subject of this lawsuit. I am familiar with the documents and other information contained in this file.

4.     From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property. They are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408. Prior to issuing the Notices of Sale, Quality had in its possession the Beneficiary Declaration from

Declaration
Page -1-
MH #WA-14-614695-CV (QLS); WA-14-614702-
CV (MH)

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

Wells Fargo, confirming that Wells Fargo was the "holder" of the Note.  A true and correct copy of the Declaration of Beneficiary is attached hereto as **Exhibit A**.

5.      I declare under the penalty of perjury under the Laws of the State of Washington that the foregoing is true and correct.

DATED September 23, 2014

QUALITY LOAN SERVICE CORPORATION OF WASHINGTON

/s/ Sierra Herbert-West
By: Sierra Herbert-West
Its: Trustee Sales Office

BENEFICIARY DECLARATION
(NOTE HOLDER)
(Executed by Officer of Beneficiary)

Loan No. ████████

Property Address: 2503 34TH AVENUE
                  LONGVIEW WA 98632

The undersigned, under penalty of perjury declares as follows:

Wells Fargo Bank, N.A., is the actual holder of the promissory note or other obligation evidencing the above-referenced loan or has requisite authority under RCW 62A.3-301 to enforce said obligation.

The trustee may rely upon the truth and accuracy of the averments made in this declaration.

Dated this 5 day of January, 2012 in Fort Mill, South Carolina.
Wells Fargo Bank, N.A.,

By: Sheri L. Brawley
Its: VP of Loan Documentation

THE HONORABLE ROBERT J. BRYAN

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY DIETZ;

9                                            Plaintiffs,

10    vs.

11    QUALITY LOAN SERVICE CORP. OF
WASHINGTON; et. al.,

12                                            Defendants.

13

No.: 13-05948-RJB

REPLY IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT BY
DEFENDANTS QUALITY LOAN
SERVICE CORPORATION OF
WASHINGTON AND McCARTHY &
HOLTHUS, LLP

14        COMES NOW defendants Quality Loan Service Corporation of Washington ("Quality")

15    and McCarthy & Holthus, LLP ("M&H") and submits this reply in support of summary

16    judgment.

17                                I.        REPLY

18    A.    Response is Untimely; Should be Stricken.

19        Plaintiff's response was due Monday before the noting date, which would have been

20    October 13. Plaintiff didn't file his response until the noting date, October 17. Defendants have

21    been prejudiced by having less than a full day to prepare this reply. The response should be

22    stricken as both untimely and prejudicial.

23

24    B.    Summary Judgment Standard.

25        When a properly supported motion for summary judgment is made, the adverse party

26    "must set forth specific facts showing that there is a genuine issue for trial." FRCP 56(c);

27    Anderson v. Liberty Lobby, 477 U.S. 242, 250, 106 S.Ct. 2505 (1986). Moreover, a Plaintiff

28

cannot merely rely on the allegations in his complaint to defeat a summary judgment motion. *Id.* at 256.

In this case, Plaintiff's response simply repeats the same allegations made in his complaint. No additional evidence is provided. And as explained further below, Plaintiff's legal arguments are unpersuasive. There are no genuine issues of fact based on the record, and judgment as a matter of law is appropriate.

C.     Beneficiary Declaration from "Holder" Satisfies RCW 61.24.030(7)(a).

Prior to issuing the Notice of Sale, Quality had in its possession the Beneficiary Declaration from Wells Fargo, stating that Wells Fargo "held" the Note[1]. Plaintiff argues that the trustee was required to have a declaration from the "owner" of the Note, not the "holder". This argument was squarely rejected by Washington's Court of Appeals, Division I, in the case of *Trujillo v. Northwest Trustee Services, Inc.*, 181 Wn.App 484 (Div. 1, 2014) (trustee's obligation is to have the declaration from the "holder", not the "owner"). *Trujillo* is directly on point for the proposition that the trustee can rely on a declaration from the "holder", and Plaintiff fails to offer any legal authority to the contrary.

Plaintiff also quibbles with the form of the Beneficiary Declaration, suggesting it is ambiguous, and could identify a different obligation than the one secured by the subject deed of trust. This assertion is disingenuous. The Beneficiary Declaration contains the property address and loan number that corresponds with the subject note obligation[2]. Plaintiff has not demonstrated, with any evidence, a different obligation that the Beneficiary Declaration could pertain to. Plaintiff is simply trying to create an issue that does not exist.

---

[1] Decl of Herbet-West, Exhibit A

[2] The loan number – which is a personal identifier -- was blacked-out to protect Plaintiff's privacy. However, if the Court wishes, and Plaintiff consents to the filing of his loan number, defendants would be more than happy to provide un-redacted copies demonstrating the loan number matches that of the subject obligation.

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

D.    <u>Declaration of Sierra Herbert-West.</u>

Defendants' inadvertently filed the Declaration of Sierra West [Dkt 48-1] without Exhibit A. Exhibit A is the Beneficiary Declaration. This was corrected by a Praecipe [Dkt 49] filed on October 14, 2014.

Plaintiff cannot claim any prejudice as a result of the late filing of Exhibit A. Plaintiff knew exactly what the document was. Plaintiff already had a copy of the Beneficiary Declaration through correspondences with Quality's attorney prior to the suit, and Plaintiff attached the document to his complaint[3]. Plaintiff also does not dispute Quality's possession of this document in advance of sale; rather, his focus is that the document does not satisfy the trustee's obligation under the law.

Plaintiff's other challenges to the Declaration of Herbert-West are without merit. Ms. West's testimony is based on her review of business records kept in the ordinary course, which is admissible as an exception to the hearsay rule. ER 803(6). Furthermore, Plaintiff has had ample time to depose a representative of Quality, or depose Ms. West following the filing of her declaration. No effort has been made to do either.

E.    <u>Defendant McCarthy & Holthus, LLP.</u>

Plaintiff in his response does not address any of the defenses raised by defendant McCarthy & Holthus, LLP ("M&H"). This should be taken as acknowledgment that M&H's defenses prevail, and there is no independent cause of action against M&H, nor a legal mechanism to impute the actions of Quality onto M&H.

## II.   CONCLUSION

There are no genuine issues of material fact and dismissal of Quality and M&H is appropriate as a matter of law.

---

[3] Dkt 19, Exhibit Y

McCarthy & Holthus LLP
108 1st Ave South STE 300
Seattle, WA 98104
PH: (206) 319-9100
FAX: (206) 780-6862

Dated: October 17, 2014

MCCARTHY & HOLTHUS, LLP

/s/ Joseph Ward McIntosh
Joseph Ward McIntosh, WSBA #39470
Attorneys for Quality and M&H

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| TIMOTHY DIETZ, | CASE NO. C13-5948 RJB |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND MCCARTHY & HOLTHUS, LLP'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| QUALITY LOAN SERVICE CORP. OF WASHINGTON; WELLS FARGO HOME MORTGAGE; WELLS FARGO BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; MERSCORP, INC.; McCARTHY & HOLTHUS LLP; DOE DEFENDANTS 1-20, | |
| Defendants. | |

This matter comes before the Court on Defendants Quality Loan Service Corporation of Washington (Quality) and McCarthy & Holthus, LLP's (McCarthy) motion for summary judgment. Dkt. 48. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S MOTION FOR SUMMARY JUDGMENT- 1

**INTRODUCTION AND BACKGROUND**

This is a post-sale wrongful foreclosure case. The pertinent and material facts are set forth in the Court's previous two Orders Granting Wells Fargo and MERS's Motions to Dismiss. Dkt. 15 and 30. Plaintiff Timothy Dietz (Dietz) filed this action on October 30, 2013, asserting violations of the Fair Debt Collection Practices Act (FDCPA)(Counts I and IV) and violations of the Washington Deed of Trust Act (DTA)(Counts II and III). Dkt. 1. On January 3, 2014, the Court granted Wells Fargo and MERS's Motion to Dismiss the FDCPA and Washington Deed of Trust claims and dismissed Wells Fargo and MERS from the lawsuit without prejudice. Dkt. 15. Dietz then filed multiple amended complaints attempting to cure the deficiencies in his original complaint, adding causes of action for breach of contract and fraud, and naming McCarthy & Holthus LLP as new party defendant to this action. Dkts. 18 and 20. On February 11, 2014, the Court entered an order ruling that Plaintiff's Second Amended Complaint (Dkt. 20) will be considered the operative complaint. Dkt. 21.

Dietz's first cause of action in the Second Amended Complaint alleges a cause of action for violation of the FDCPA against Wells Fargo. Dkt. 20-1 pp. 10-13. MERS is not named in the FDCPA claim. Dietz's second cause of action alleges violation of the DTA. The DTA claim is directed at Quality and McCarthy and does not name Wells Fargo or MERS. Dkt. 20-1 pp. 14-15. Dietz's third cause of action alleges breach of contract against Wells Fargo. Dkt. 20-1 pp. 15-16. Dietz's fourth cause of action alleges fraud against all defendants. Dkt. 20-1 pp. 16-17.

On March 25, 2014, the Court granted Wells Fargo and MERS's motion to dismiss the amended complaint. Dkt. 30. Dietz's cause of action for violation of the FDCPA was subject to dismissal because Wells Fargo is not a debt collector under the FDCPA and there are no

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 2

allegations giving rise to a cognizable violation of the FDCPA by Wells Fargo. *Id.* at 4. The claim of a violation of the DTA was dismissed as to Wells Fargo and MERS because they were not trustees of the deed of trust and therefore not subject to post-sale claims under the DTA. *Id.* at 5. The breach of contract claim was dismissed because Dietz failed to set forth a viable breach of contract claim against Wells Fargo or MERS. *Id.* at 5-7. Finally, Dietz's fraud conspiracy claim was dismissed because of his failure to properly plead a claim for fraud. *Id.* at 7-8.

The remaining Defendants to this action, Quality and McCarthy, seek summary judgment of dismissal. Dkt. 48. The following undisputed facts are material to the motion. On February 21, 2012, after Dietz's default, Wells Fargo executed an Appointment of Successor Trustee, appointing Quality as trustee under the Deed of Trust. Dkt. 15 at 3; Dkt. 10-3 at 10-12. On July 26, 2012, Quality issued a Notice of Default. Dkt. 18-3. The Notice of Default included Wells Fargo's Foreclosure Loss Mitigation Form, indicating that Dietz did not request a pre-foreclosure meet and confer. *Id.* On August 4, 2012, Dietz wrote a letter to Quality "contesting the validity of the debt," and asking for a copy of the Note. Dkt. 18-4. Quality responded with a letter dated September 6, 2012, which included a copy of the Note. Dkt. 18-7. On April 17, 2013, Dietz wrote another letter to Quality. Dkt. 19-8. Similar to the previous letter, Dietz disputed the enforceability of the Note and Deed of Trust, and Wells Fargo's ability to appoint Quality as successor trustee. Dietz also alleged that signatures were "fraudulent." Dietz also asked Quality for a copy of its Beneficiary Declaration. *Id.* On June 4, 2013, Quality's attorneys, McCarthy, sent a responsive letter to Dietz, which included a copy of the Beneficiary Declaration. Dkt. 19-3. From August of 2012 to May of 2013, Quality issued three Notices of Sale against the Property; they are found under Cowlitz County Recorder's Nos. 3462652, 3465768, and 3480408. Dkt. 15 at 3. Prior to issuing the Notices of Sale, Quality had in its possession the

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S MOTION FOR SUMMARY JUDGMENT- 3

1   Beneficiary Declaration from Wells Fargo, confirming that Wells Fargo was the "holder" of the

2   Note. Dkt. 19-3; Dkt. 48-1; Dkt. 49. The last Notice of Sale set an auction date of the Property

3   for September 20, 2013. On that day, the auction was held. Wells Fargo was the highest bidder

4   by credit bid. Dietz did not file a motion to restrain the sale. On September 24, 2013, Quality

5   issued to Wells Fargo a Trustee's Deed Upon Sale. Dkt. 7 at 44-46.

6                              **SUMMARY JUDGMENT STANDARD**

7           Summary judgment is proper where there is no genuine issue of material fact and the

8   moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Rule 56(a)

9   mandates summary judgment against a party who fails to make a showing sufficient to establish

10  the existence of an element essential to the party's case, and on which that party will bear the

11  burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Broussard v. Univ.*

12  *of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

13          A party seeking summary judgment bears the initial burden of informing the court of the

14  basis for its motion and of identifying those portions of the pleadings and discovery responses

15  that demonstrate the absence of a genuine issue of material fact. *Soremekun v. Thrifty Payless,*

16  *Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). When the moving party has carried its burden under

17  Rule 56(a) the opposing party must do more than simply show that there is some metaphysical

18  doubt as to the material facts and come forward with specific facts showing that there is a

19  genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586–87

20  (1986). An issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable

21  fact finder could find for the nonmoving party, and a dispute is 'material' only if it could affect

22  the outcome of the suit under the governing law. *In re Barboza*, 545 F.3d 702, 707 (9th Cir.

23  2008). When considering the evidence on a motion for summary judgment, the court must draw

24

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 4

1  all reasonable inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.,* 475

2  U.S. at 587; *Posey v. Lake Pend Oreille Sch. Dist. No. 84*, 546 F.3d 1121, 1126 (9th Cir. 2008).

3  **FAIR DEBT COLLECTION PRACTICES ACT**

4  Dietz alleges a FDCPA claim. As stated in the Court's previous Orders, the FDCPA

5  applies only to the activities of "debt collectors" as defined by that statute. 15 U.S.C. §1692a(6).

6  See Dkt. 15 at 6; Dkt. 30 at 4. To plead a claim for violation of the FDCPA, Plaintiff must allege

7  facts demonstrating that (1) Defendants were collecting a debt as debt collectors and that (2)

8  Defendants' debt collection actions violated the federal statute. *Jerman v. Carlisle, et. al.*, 559

9  U.S. 573 (2010). The FDCPA's definition of a debt collector "does not include the consumer's

10  creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not

11  in default at the time it was assigned." *Nool v. HomeQ Servicing,* 653 F. Supp.2d 1047, 1053

12  (E.D. Cal. 2009). A claim of wrongful foreclosure is not cognizable under the FDCPA. That

13  would exclude any FDCPA claim against Quality or McCarthy. Their only involvement with

14  Dietz's loan was advancing the non-judicial foreclosure of the property. The Notice of Default

15  and Notice of Sale(s) are statutorily required notices under Washington's DTA. They are not

16  "debt collection" activities separate from the non-judicial process.

17  Further, even if Quality was a "debt collector", there is no basis for a claim under 15

18  USC § 1692f(6) (threatening non-judicial action without enforceable security). Dietz admits to

19  signing the Note and Deed of Trust, and defaulting by reason of nonpayment. The Deed of Trust

20  is a legally enforceable security interest against the property. Wells Fargo, as "holder" of the

21  Note is the legal beneficiary of the Deed of Trust under Washington law, and is entitled to

22  instruct the trustee to proceed with foreclosure.

23  Finally, as to Defendant McCarthy, it is not a trustee and owed no duty to Dietz.

24  ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S MOTION FOR SUMMARY JUDGMENT- 5

1    The FDCPA claims against Quality and McCarthy are subject to dismissal.

## WASHINGTON DEED OF TRUST ACT

3    Dietz's second cause of action alleges violations of the Washington Deed of Trust Act (DTA), RCW 61.24. *et seq.* Post-sale claims under the DTA are confined to claims that allege "failure of the trustee to materially comply with the provisions of this chapter." RCW 61.24.127(1)(c). The undisputed record reveals that Defendants complied in all respects to the obligations of the DTA.

8    Pursuant to RCW 61.24.030(8), a notice of default is required 30 days before the recording of a notice of sale. The form of the notice of default is provided by statute, which includes a statement of the arrears. *Id.* For owner-occupied real property, the notice of default must include the Foreclosure Loss Mitigation Form from the beneficiary or its agent, confirming that the beneficiary has satisfied its pre-foreclosure notice requirements. RCW 61.24.031(2). Unless it has violated its duty of good faith, the trustee is allowed to rely on the Foreclosure Loss Mitigation Form as evidence that the pre-foreclosure notice requirements have been satisfied. *Id.* Dietz does not dispute defaulting on his loan. He does not dispute receiving the Notice of Default from Quality, with the Foreclosure Loss Mitigation Form attached. Nor does he demonstrate that the form of the Notice of Default, or Foreclosure Loss Mitigation Form, failed to comply with Washington's DTA. Prior to sale, Dietz provided nothing to Quality that would objectively call into question the enforceability of the Note and Deed of Trust, Quality's lawful ability to act as successor trustee, and other than bare allegations, the integrity of the signature on the Foreclosure Loss Mitigation Form. Quality was, by law, allowed to rely on these documents. In sum, nothing in the record demonstrates any non-compliance by Quality in issuing the Notice of Default.

1    Quality also complied with the notice of sale requirements of the DTA.  The record

2    demonstrates that prior to issuing the Notice of Sale, Quality had in its possession the

3    Beneficiary Declaration made under penalty of perjury, testifying that Wells Fargo was the

4    "holder" of the Note. The statute expressly allows Quality to rely on this declaration.  See RCW

5    61.24.030(7).

6    Quality followed the law in advancing the non-judicial foreclosure on behalf of Wells

7    Fargo.  There was no "material" defect in the sale.  Nor has Dietz demonstrated that he suffered

8    damages as a proximate cause of Quality's actions.  Rather, Quality's actions of noting and

9    conducting the sale of the property were legal consequences of Dietz's loan default.  Thus, to the

10   extent an action against the trustee survives sale under RCW 61.24.127(1)(c), Dietz has failed to

11   demonstrate any facts supporting such a claim, and it is subject to dismissal.

12   The DTA claims against Quality and McCarthy are subject to dismissal.

13                                   **FRAUD**

14   Dietz's fourth cause of action alleges a fraud conspiracy.  Dietz asserts that MERS

15   members conspired to commit fraud by using MERS as a sham beneficiary, promoting and

16   facilitating predatory lending practices through the use of MERS, and making it impossible for

17   borrowers to track the changes in lenders.  See Dkt. 20-1 pp.16-17.  The essence of Dietz's claim

18   is that all the defendants committed fraud by including MERS in the mortgage loan transaction.

19   The Court has previously ruled that Dietz's allegations fail to address several of the

20   necessary elements for a fraud claim.  Dkt. 30.  Dietz has not identified any representations made

21   to him about the MERS system and its role in his mortgage loan that were false and material.

22   None of Dietz's allegations indicate that the he was misinformed about MERS's role as a

23   beneficiary, or the possibility that the loan would be resold and tracked through the MERS

24

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 7

1   system. Dietz has not alleged that he relied on any misrepresentations about MERS in deciding

2   to enter into the mortgage loan, or that he would not have entered into the loan if he had more

3   information about how MERS worked. Dietz has also failed to show that the designation of

4   MERS as a beneficiary caused any injury, i.e. affected the terms of his mortgage loan, the ability

5   to repay the loan, or his obligation as borrower. See *Wear v. Sierra Pacific Mortg. Co., Inc*.,

6   2013 WL 6008498, *2 (W.D. Wash. 2013). The mere inclusion of MERS in the loan transaction

7   is not actionable under Washington law. *Bain v. Metro. Mtg. Group., Inc*., 175 Wash.2d 83, 120

8   (2012). The mere inclusion of MERS in a loan transaction also does not support a fraud claim.

9   *Babrauskas v. Paramount Equity Mtg*., 2013 WL 5743903, *5 (W.D. Wash. 2013); *Abubo v.

10  Bank of New York Mellon*, 2011 WL 6011787, *8 (D. Haw. 2011); *Green v. Eagle Bank*, 2013

11  WL 6248848, *9-10 (D. Mont. 2013).

12      Dietz has failed to raise a question of material fact supporting a claim against Quality or

13  McCarthy for conspiracy to commit fraud. This cause of action is subject to dismissal.

14                              **CONCLUSION**

15      Despite Dietz's protestations to the contrary, there are no genuine issues of material fact

16  supporting the claims against Defendants Quality and McCarthy. For the foregoing reasons, it is

17  hereby **ORDERED**:

18      1. Defendants Quality Loan Service Corporation of Washington and McCarthy &

19          Holthus, LLP's Motion for Summary Judgment (Dkt. 48) is **GRANTED.**

20      2. Defendants Quality Loan Service Corporation of Washington and McCarthy &

21          Holthus, LLP are **DISMISSED** from this lawsuit **WITH PREJUDICE.**

22      3. All claims against all Defendants having been dismissed, this case may be closed.

23

24

ORDER GRANTING DEFENDANTS QUALITY
LOAN SERVICE CORPORATION OF
WASHINGTON AND MCCARTHY & HOLTHUS,
LLP'S  MOTION FOR SUMMARY JUDGMENT- 8

4.  The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 20th day of October, 2014.

ROBERT J. BRYAN
United States District Judge

APPEAL,CLOSED,JURYDEMAND

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CIVIL DOCKET FOR CASE #: 3:13-cv-05948-RJB

| | |
|---|---|
| Dietz v. Quality Loan Service Corp of Washington et al | Date Filed: 10/29/2013 |
| Assigned to: Judge Robert J. Bryan | Date Terminated: 10/23/2014 |
| Cause: 15:1692 Fair Debt Collection Act | Jury Demand: Plaintiff |
| | Nature of Suit: 220 Real Property: Foreclosure |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Timothy J Dietz**          represented by    **Timothy J Dietz**
2503 34th Avenue
Longview, WA 98632
360-442-9832
PRO SE

V.

**Defendant**

**Quality Loan Service Corp of Washington**          represented by    **Joseph W. McIntosh**
MCCARTHY & HOLTHUS LLP
108 1ST AVENUE S., STE 300
SEATTLE, WA 98104
206-319-9100
Email: jmcintosh@mccarthyholthus.com
*ATTORNEY TO BE NOTICED*

**Robert W McDonald**
QUALITY LOAN SERVICE CORP.
108 1ST AVENUE S., #202
SEATTLE, WA 98104
206-319-9054
Email: rmcdonald@qualityloan.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Wells Fargo Home Mortgage**
*TERMINATED: 03/25/2014*          represented by    **Abraham K Lorber**
LANE POWELL PC
1420 FIFTH AVENUE
STE 4200
SEATTLE, WA 98111-9402

206-223-7434
Fax: 206-223-7107
Email: lorbera@lanepowell.com

**Ronald E Beard**
LANE POWELL PC
1420 FIFTH AVENUE
STE 4200
SEATTLE, WA 98111-9402
206-223-7000
Fax: FAX 223-7107
Email: beardr@lanepowell.com

**Defendant**

**Wells Fargo Bank NA**                  represented by **Abraham K Lorber**
*TERMINATED: 01/03/2014*                  (See above for address)

                                          **Ronald E Beard**
                                          (See above for address)

**Defendant**

**Mortgage Electronic Registration**     represented by **Abraham K Lorber**
**Systems, Inc**                          (See above for address)
*TERMINATED: 01/03/2014*
                                          **Ronald E Beard**
                                          (See above for address)

**Defendant**

**Doe Defendants 1 - 20**

**Defendant**

**MCCARTHY AND HOLTHUS, LLP**            represented by **Robert W McDonald**
                                          (See above for address)
                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/30/2013 | 1 | COMPLAINT (No Summons issued) (Receipt # TAC011259), filed by Timothy Dietz. (Attachments: # 1 Civil Cover Sheet)(DK) (Entered: 10/30/2013) |
| 10/31/2013 | 2 | ORDER REGARDING DISCOVERY AND DEPOSITIONS by Judge Robert J. Bryan. (DK) (Entered: 10/31/2013) |
| 10/31/2013 | 3 | ORDER REGARDING INITIAL DISCLOSURES AND JOINT STATUS REPORT Joint Status Report due by 1/29/2014, FRCP 26f Conference Deadline is 1/15/2014, Initial Disclosure Deadline is 1/22/2014, by Judge Robert J. Bryan. (DK) (Entered: 10/31/2013) |
| 10/31/2013 | | JSR Due: Noting Date 1/29/2014. (DK) (Entered: 10/31/2013) |

| 11/06/2013 | 4 | NOTICE: Plaintiff Timothy Dietz has registered to electronically file and receive electronic service in this case. (ELS) (Entered: 11/06/2013) |
| 11/07/2013 | 5 | NOTICE of Appearance by attorney Ronald E Beard on behalf of Defendants Mortgage Electronic Registration Systems, Inc, Wells Fargo Bank NA, Wells Fargo Home Mortgage. (Beard, Ronald) (Entered: 11/07/2013) |
| 11/22/2013 | 6 | MOTION to Dismiss Party *Wells Fargo and MERS'S Motion to Dismiss* by Defendants Wells Fargo Bank NA, Wells Fargo Home Mortgage. (Attachments: # 1 Proposed Order) Noting Date 12/20/2013, (Lorber, Abraham) (Entered: 11/22/2013) |
| 11/22/2013 | 7 | DECLARATION of Abraham K. Lorber filed by Defendants Wells Fargo Bank NA, Wells Fargo Home Mortgage re 6 MOTION to Dismiss Party *Wells Fargo and MERS'S Motion to Dismiss* (Lorber, Abraham) (Entered: 11/22/2013) |
| 11/26/2013 | 8 | ORDER REGARDING DEFENDANTS' MOTION TO DISMISS. Signed by Judge Robert J. Bryan. (JL) (Entered: 11/26/2013) |
| 12/10/2013 | 9 | MOTION Clarification by Plaintiff Timothy Dietz. Noting Date 12/27/2013, (Dietz, Timothy) (Entered: 12/10/2013) |
| 12/16/2013 | 10 | ~~COMPLAINT against defendant(s) All Defendants (Summons(es) issued),~~ DECLARATION of Timothy Dietz in support of 1 Complaint. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibits C - F, # 4 Certificate of Service Certificate of Service 12/16/2013)(Dietz, Timothy) Modified on 12/17/2013: to correct document description and add link to complaint (CMG). (Entered: 12/16/2013) |
| 12/17/2013 | | NOTICE of Docket Text Modification re 10 Complaint: corrected document description and language; and added link to the complaint (CMG) (Entered: 12/17/2013) |
| 12/19/2013 | 11 | RESPONSE, by Plaintiff Timothy Dietz, to 6 MOTION to Dismiss Party *Wells Fargo and MERS'S Motion to Dismiss*. (Dietz, Timothy) (Entered: 12/19/2013) |
| 12/20/2013 | 12 | REPLY, filed by Defendants Mortgage Electronic Registration Systems, Inc, Wells Fargo Bank NA, Wells Fargo Home Mortgage, TO RESPONSE to 6 MOTION to Dismiss Party *Wells Fargo and MERS'S Motion to Dismiss* (Lorber, Abraham) (Entered: 12/20/2013) |
| 12/27/2013 | 13 | ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION, by Judge Robert J. Bryan.(DK) (Entered: 12/27/2013) |
| 12/30/2013 | 14 | REPLY, filed by Plaintiff Timothy Dietz, TO RESPONSE to 6 MOTION to Dismiss Party *Wells Fargo and MERS'S Motion to Dismiss* (Attachments: # 1 Supplement Memorandum)(Dietz, Timothy) (Entered: 12/30/2013) |
| 01/03/2014 | 15 | ORDER GRANTING WELL FARGO AND MERS'S MOTION TO DISMISS, granting 6 Motion to Dismiss Party.The claims against Wells Fargo and MERS are DISMISSED WITHOUT PREJUDICE. Plaintiff shall file an Amended Complaint, if any, against these parties no later than February 7, 2014. Signed by Judge Robert J. Bryan. (JL) (Entered: 01/03/2014) |
| 01/05/2014 | 16 | |

| | | |
|---|---|---|
| | | MOTION for Extension of Time by Plaintiff Timothy Dietz. Noting Date 1/17/2014, (Dietz, Timothy) (Entered: 01/05/2014) |
| 01/21/2014 | 17 | ORDER RE-NOTING PLAINTIFF'S MOTION TO EXTEND INITIAL SCHEDULING DATES, re: 16 MOTION for Extension of Time renoted to 2/7/2014. Signed by Judge Robert J. Bryan. (JL) (Entered: 01/21/2014) |
| 02/07/2014 | 18 | AMENDED COMPLAINT against defendant(s) Timothy Dietz, MCCARTHY AND HOLTHUS, LLP, filed by Timothy Dietz. (Attachments: # 1 Supplement Amended Complaint Part II, # 2 Exhibit Exhibit G, # 3 Exhibit Exhibit H, # 4 Exhibit Exhibit I, # 5 Exhibit Exhibit J, # 6 Exhibit Exhibit K, # 7 Exhibit Exhibit L, # 8 Exhibit Exhibit M, # 9 Exhibit Exhibit N)(Dietz, Timothy) (Entered: 02/07/2014) |
| 02/07/2014 | 19 | EXHIBIT re 18 Amended Complaint, by Plaintiff Timothy Dietz. (Attachments: # 1 Exhibit Exhibit O Part 1, # 2 Exhibit Exhibit O Part II, # 3 Exhibit Exhibit P, # 4 Exhibit Exhibit Q, # 5 Exhibit Exhibit R, # 6 Exhibit Exhibit S, # 7 Exhibit Exhibit T, # 8 Exhibit Exhibit U, # 9 Exhibit Exhibit V, # 10 Exhibit Exhibit W, # 11 Exhibit Exhibit X, # 12 Exhibit Exhibit Y Part I, # 13 Exhibit Exhibit Y Part II, # 14 Exhibit Exhibit Z, # 15 Exhibit Exhibit AA, # 16 Certificate of Service Certificate of Service)(Dietz, Timothy) (Entered: 02/07/2014) |
| 02/10/2014 | 20 | Second AMENDED COMPLAINT *Timothy Dietz* against defendant(s) All Defendants, filed by Timothy Dietz. (Attachments: # 1 Supplement Second Amended Complaint Part II, # 2 Certificate of Service Certificate of Service) (Dietz, Timothy) (Entered: 02/10/2014) |
| 02/11/2014 | 21 | ORDER REGARDING AMENDED COMPLAINT AND INITIAL DISCLOSURES, JOINT STATUS REPORT, AND EARLY SETTLEMENT, re 20 Amended Complaint. The initial scheduling dates set forth in Dkt. 3 are renoted as follows: Deadline for FRCP 26(f) Conference: 4/28/2014; Initial Disclosures Pursuant to FRCP 26(a)(1): 5/5/2014; Combined Joint Status Report and DiscoveryPlan: 5/12/2014. Signed by Judge Robert J. Bryan. (JL) (Entered: 02/11/2014) |
| 02/15/2014 | 22 | CERTIFICATE OF SERVICE by Plaintiff Timothy Dietz . (Dietz, Timothy) (Entered: 02/15/2014) |
| 02/24/2014 | 23 | MOTION to Dismiss *Plaintiff's Second Amended Complaint* by Defendants Mortgage Electronic Registration Systems, Inc, Wells Fargo Bank NA, Wells Fargo Home Mortgage. (Attachments: # 1 Proposed Order) Noting Date 3/21/2014, (Lorber, Abraham) (Entered: 02/24/2014) |
| 03/07/2014 | 24 | NOTICE of Appearance by attorney Robert W McDonald on behalf of Defendant Quality Loan Service Corp of Washington. (McDonald, Robert) (Entered: 03/07/2014) |
| 03/07/2014 | 25 | NOTICE of Appearance by attorney Robert W McDonald on behalf of Defendant MCCARTHY AND HOLTHUS, LLP. (McDonald, Robert) (Entered: 03/07/2014) |
| 03/07/2014 | 26 | CERTIFICATE OF SERVICE by Defendant Quality Loan Service Corp of Washington . (McDonald, Robert) (Entered: 03/07/2014) |

| | | |
|---|---|---|
| 03/07/2014 | 27 | CERTIFICATE OF SERVICE by Defendant MCCARTHY AND HOLTHUS, LLP . (McDonald, Robert) (Entered: 03/07/2014) |
| 03/21/2014 | 28 | **OPPOSITION to the** 23 MOTION to Dismiss by Plaintiff Timothy Dietz. ~~Noting Date 3/21/2014,~~ (Dietz, Timothy) Modified on 3/21/2014: correcting description - document is actually in response to the Motion to Dismiss. (CMG). (Entered: 03/21/2014) |
| 03/21/2014 | | ***Terminated the Noting date for the 28 MOTION to Dismiss filed by Timothy Dietz - as this is not actually a motion, but an opposition to a previously filed motion. (CMG) (Entered: 03/21/2014) |
| 03/21/2014 | | NOTICE of Docket Text Modification re 28 MOTION to Dismiss : corrected description and added link to the motion. (CMG) (Entered: 03/21/2014) |
| 03/25/2014 | 29 | REPLY, filed by Defendants Mortgage Electronic Registration Systems, Inc, Wells Fargo Bank NA, Wells Fargo Home Mortgage, TO RESPONSE to 23 MOTION to Dismiss *Plaintiff's Second Amended Complaint* (Lorber, Abraham) (Entered: 03/25/2014) |
| 03/25/2014 | 30 | ORDER GRANTING DEFENDANTS WELLS FARGO AND MERS'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT WITH PREJUDICE, granting 23 . Signed by Judge Robert J. Bryan. (JL) (Entered: 03/25/2014) |
| 04/23/2014 | 31 | MOTION for Extension of Time by Plaintiff Timothy Dietz. Noting Date 4/24/2014, (Dietz, Timothy) (Entered: 04/23/2014) |
| 04/23/2014 | | CORRECTING the NOTING DATE for the 31 MOTION for Extension of Time TO: **5/2/2014**.<br><br>Pursuant to LCR 7(d)(2) *Second Friday Motions*..... Pursuant to a General Order of this court, the following motions may be noted for consideration no earlier than the second Friday after filing and service of the motion: (A) motions for relief from a deadline; (B) motions for protective orders;(C) motions to seal (see LCR 5(g))....(CMG) (Entered: 04/24/2014) |
| 04/24/2014 | 32 | MOTION for Reconsideration by Plaintiff Timothy Dietz. Noting Date 4/25/2014, (Dietz, Timothy) (Entered: 04/24/2014) |
| 04/29/2014 | 33 | ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, granting 31 Motion for Extension of Time; denying 32 Motion for Reconsideration. Signed by Judge Robert J. Bryan. (JL) (Entered: 04/29/2014) |
| 05/28/2014 | 34 | ORDER TO SHOW CAUSE. Show Cause Response due by 6/19/2014. Signed by Judge Robert J. Bryan. (JL) (Entered: 05/28/2014) |
| 05/28/2014 | 35 | NOTICE OF APPEAL (14-35462) to Ninth Circuit by Plaintiff Timothy Dietz. (Dietz, Timothy) Modified on 5/30/2014, ADD CCA# (SA). (Entered: 05/28/2014) |
| 05/28/2014 | 36 | MOTION for Leave to Appeal in forma pauperis by Plaintiff Timothy Dietz. (Dietz, Timothy) (Entered: 05/28/2014) |

| 05/30/2014 | 37 | TIME SCHEDULE ORDER as to 35 Notice of Appeal filed by Timothy Dietz : Appellants opening brief due by 9/5/14; Appellees response brief due by 10/6/14; Appellants optional reply brief due within 14 days of service of the response brief. (SA) (Entered: 05/30/2014) |
| --- | --- | --- |
| 06/03/2014 | 38 | ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL, denying 36 . Signed by Judge Robert J. Bryan. (JL) Modified on 6/4/2014: regenerated NEF to Appeals Clerk in Seattle. (CMG). (Entered: 06/03/2014) |
| 06/10/2014 | 39 | MANDATE of USCA (14-35462) as to 35 Notice of Appeal filed by Timothy Dietz; A review of the record demonstrates that this court lacks jurisdiction overthis appeal because the order challenged in the appeal is not final or appealable. Consequently, this appeal is dismissed for lack of jurisdiction. **DISMISSED**. (RE) (Entered: 06/11/2014) |
| 06/18/2014 | 40 | RESPONSE TO ORDER TO SHOW CAUSE by Plaintiff Timothy Dietz. (Dietz, Timothy) (Entered: 06/18/2014) |
| 06/19/2014 | 41 | JOINT STATUS REPORT signed by all parties estimated Trial Days: 4.. (Dietz, Timothy) (Entered: 06/19/2014) |
| 06/24/2014 | 42 | MINUTE ORDER SETTING TRIAL AND PRETRIAL DATES; Length of Trial: *FOUR DAYS*. Jury Trial is set for 1/5/2015 at 09:30 AM in Courtroom A before Judge Robert J. Bryan. Joinder of Parties due by 9/24/2014, Expert Witness Disclosure/Reports under FRCP 26(a)(2) due by 7/9/2014, Motions due by 8/18/2014, Discovery completed by 9/8/2014, Dispositive motions due by 10/7/2014, Motions in Limine due by 12/8/2014, Pretrial Order due by 12/19/2014, Pretrial Conference set for 12/29/2014 at 08:30 AM before Judge Robert J. Bryan. Trial briefs to be submitted by 12/29/2014, Proposed voir dire/jury instructions due by 12/29/2014. Authorized by Judge Robert J. Bryan. (Attachments: # 1 Memo Re Scheduling Order) (DK) (Entered: 06/24/2014) |
| 08/22/2014 | 43 | NOTICE of Appearance by attorney Joseph W. McIntosh on behalf of Defendant Quality Loan Service Corp of Washington. (McIntosh, Joseph) (Entered: 08/22/2014) |
| 08/22/2014 | 44 | MOTION Accept Waiver of Service re 22 Certificate of Service by Plaintiff Timothy Dietz. (Attachments: # 1 Proposed Order) Noting Date 9/5/2014, (Dietz, Timothy) (Entered: 08/22/2014) |
| 08/22/2014 | | CORRECTING the NOTING DATE for the 44 MOTION Accept Waiver of Service re 22 Certificate of Service to:**9/12/2014**.

Pursuant to LCR7(d)(3) *Third and Fourth Friday Motions*.....With the exception of the motions specifically listed in LCR 7(d)(1), 7(d)(2), and 7(d)(3), all other motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion. (CMG) (Entered: 08/25/2014) |
| 08/26/2014 | 45 | CORPORATE DISCLOSURE STATEMENT Filed pursuant to Fed.R.Civ.P 7.1. Filed by Quality Loan Service Corp of Washington (McIntosh, Joseph) (Entered: 08/26/2014) |

| 09/08/2014 | 46 | RESPONSE, by Defendant Quality Loan Service Corp of Washington, to 44 MOTION Accept Waiver of Service re 22 Certificate of Service . (McIntosh, Joseph) (Entered: 09/08/2014) |
| 09/12/2014 | 47 | ORDER DENYING PLAINTIFF'S MOTION TO ACCEPT SERVICE OF SUMMONS AS WAIVED, denying 44 . Signed by Judge Robert J. Bryan. (JL) (Entered: 09/12/2014) |
| 09/23/2014 | 48 | MOTION for Summary Judgment by Defendant Quality Loan Service Corp of Washington. (Attachments: # 1 Declaration of Sierra West, # 2 Proposed Order) Noting Date 10/17/2014, (McIntosh, Joseph) (Entered: 09/23/2014) |
| 10/14/2014 | 49 | PRAECIPE re 48 MOTION for Summary Judgment by Defendants MCCARTHY AND HOLTHUS, LLP, Quality Loan Service Corp of Washington (McIntosh, Joseph) (Entered: 10/14/2014) |
| 10/17/2014 | 50 | RESPONSE, by Plaintiff Timothy Dietz, to 48 MOTION for Summary Judgment . (Dietz, Timothy) (Entered: 10/17/2014) |
| 10/17/2014 | 51 | REPLY, filed by Defendants MCCARTHY AND HOLTHUS, LLP, Quality Loan Service Corp of Washington, TO RESPONSE to 48 MOTION for Summary Judgment (McIntosh, Joseph) (Entered: 10/17/2014) |
| 10/18/2014 | 52 | AFFIDAVIT of Timothy Dietz filed by Plaintiff Timothy Dietz re 50 Response to Motion *for Summaary Judgment* (Dietz, Timothy) (Entered: 10/18/2014) |
| 10/20/2014 | 53 | ORDER GRANTING DEFENDANTS QUALITY LOAN SERVICE CORPORATION OF WASHINGTON AND MCCARTHY & HOLTHUS, LLP'S MOTION FOR SUMMARY JUDGMENT, granting 48 Motion for Summary Judgment. Signed by Judge Robert J. Bryan. (JL) (Entered: 10/20/2014) |
| 10/23/2014 | 54 | JUDGMENT BY COURT in favor of MCCARTHY AND HOLTHUS, LLP, Quality Loan Service Corp of Washington against Timothy Dietz (DK) (Entered: 10/23/2014) |
| 11/19/2014 | 55 | NOTICE OF APPEAL (14-35982) to Ninth Circuit by Plaintiff Timothy Dietz. (Dietz, Timothy) Modified on 11/20/2014 ADD CCA#(SA). (Entered: 11/19/2014) |
| 11/20/2014 | 56 | TIME SCHEDULE ORDER as to 55 Notice of Appeal filed by Timothy Dietz : Appellants opening brief due by 2/27/15; Appellees response brief due by 3/30/15; Appellants optional reply brief due within 14 days of service of the response brief. (SA) (Entered: 11/20/2014) |
| 12/09/2014 | | **APPEAL FEES RECEIVED:** Fee in the amount of $ 505.00 (receipt # SEA067947) re 55 Notice of Appeal filed by Timothy Dietz. (ST) (Entered: 12/09/2014) |

---

**PACER Service Center**

**Transaction Receipt**

| 08/04/2015 14:15:01 | | | |
|---|---|---|---|
| **PACER Login:** | mh6781:4054888:4053611 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:13-cv-05948-RJB |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |